UNITED STATES, Appellee

v

WILLIAM A. BAUER, Private, U. S. Marine Corps, Appellant

14 USCMA 597, 34 CMR 377

No. 17,416

June 5, 1964

*Fred W. Shields*, Esquire, and *Lieutenant Colonel John R. DeBarr*, USMC, were on the brief for Appellant, Accused.

*Major J. M. Detrio*, USMCR, was on the brief for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

This is a companion case to United States v Rogers, 14 USCMA 570, 34 CMR 350. This accused was tried separately. Unlike Rogers, however, he was convicted of premeditated murder. The board of review modified the findings of guilty, as it did in the *Rogers* case, by reducing them to involuntary manslaughter, in violation of Article 119, Uniform Code of Military Justice, 10 USC § 919, and decreased the period of confinement to three years.

We granted the accused's petition for review to consider principally issues dealing with the sufficiency of the evidence to support the modified findings of guilty and allegedly perjured testimony. The issues and the evidence relating to them were discussed at length in our opinion in the *Rogers* case and need not be restated here, except to add that in a pretrial statement Bauer said Ford was "wearing a under shirt" in the fight on the beach; that "after a while" he thought Ford "was dead"; then he and Rogers dragged Ford to the ocean and "threw" him in. We have examined the record of trial and are satisfied that no errors prejudicial

to this accused were committed, and that the decision of the board of review is soundly based and legally unassailable. We affirm that decision.

Judge KILDAY concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result.

As noted by the Chief Judge, this is a companion case to United States v Rogers, 14 USCMA 570, 34 CMR 350, this day decided. Bauer, however, was tried separately from Rogers, and the proceedings against him are not infected with the errors present—in my opinion—in the latter's case. The question of the voluntariness of Bauer's confession was, at the instance of his individual civilian counsel, decided solely by the law officer, and no issue arose concerning further examination of the witness, Private First Class Williams. The evidence of record is clearly sufficient to support the findings of guilty affirmed by the board of review, and the other assignments do not warrant further treatment.

I, therefore, join with my brothers in affirming the decision of the board of review.